USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9|3|08__

L A W   O F F I C E S   O F

# Murray Richman

2027 Williamsbridge Rd. Bronx, NY 10461
(718) 892-8588 • Fax (718) 518-0674

OF COUNSEL:
Renée C. Hill, Esq.
Stacey G. Richman, Esq.
Gisele M. Kalonzo, Esq.
Jeffrey P. Chartier, Esq.
Brian T. Pakett, Esq.
Don K. Taylor - Paralegal

May 23, 2008

Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: ***United States v. Esmond Elcock, Jr.***
S2 07 CR 582-01 (CM)

Dear Judge McMahon:

I am in receipt of the Presentence Investigation Report (hereinafter "PSI report"), dated May 21, 2008. The instant letter/memorandum addresses sentencing issues, which we believe are worthy of the Court's attention.

Mr. Elcock is scheduled to be sentenced on June 2, 2008 pursuant to a plea agreement, for participating, along with others, in a Conspiracy to Commit Bank Fraud and for Bank Fraud. The PSI report was prepared by Senior U.S. Probation Officer Emily Frankelis.

### *History of Mr. Elcock*

Esmond Elcock was born in Queens, New York on June 28, 1982. He is single, with no children but he is an active participant in the lives of his five (5) younger siblings on his father's side. The siblings are all boys, ranging in age from 1 to 12 and Mr. Elcock acts as a surrogate father and protector. His parents are divorced and his mother remarried and moved to Florida, where she currently resides with her husband, one biological child, and a newly adopted daughter.

Mr. Elcock's parents divorced when he was nine years old, primarily due to Mr. Elcock's father's abuse of his mother. Esmond witnessed the abuse and was also its victim. In order to cope with the abuse as well as his parents' separation, Mr. Elcock received counseling services for several years.

Mr. Elcock lived with his mother after the divorce until he was thirteen years old. At that time, she was transferred by her employer to Florida and Mr. Elcock made the difficult decision to remain with his father to complete his high school education. Mr. Elcock's years with his father were quite turbulent and he was the victim of physical and verbal abuse at the hands of his father. During this time, Mr. Elcock was often kicked out

1

LAW  OFFICES  OF

# Murray Richman

of his father's home and he was forced to obtain small jobs at a very young age in order to support himself.

Despite the challenges that Mr. Elcock faced as a youth, he persevered and completed his high school education. He briefly attended Nassau Community College, however, he opted to accept an employment opportunity that he found more profitable at the time, in light of the unstable nature of his relationship with his father.

Mr. Elcock remained with his father, who also remarried and had additional children, into adulthood. His father moved a lot throughout Queens over the years and Mr. Elcock never had the opportunity to live in one home for a long period of time. In fact, during the time that the charged offenses occurred, Mr. Elcock was homeless because his father and new family decided to move to Binghamton and Mr. Elcock was left without a residence.

Today, Mr. Elcock is working to repair the relationship with both of his parents and he enjoys an active family life with his extended family members in New York City and in Florida. He is close to all of his siblings and he proudly takes on the role of big brother. Although not married, he is involved in a serious relationship with a young woman who is currently attending New York University.

Mr. Elcock is also an accomplished song writer and is currently on the creative writing team for Cory Rooney Entertainment. Mr. Rooney is a renowned producer for artists such as Jennifer Lopez, Marc Anthony, Destiny's Child, Jessica Simpson and many more.

### Objections to the PSI Report

**Mr. Elcock had no objections to the PSI Report but respectfully requests that the information provided above be incorporated and made apart of the PSI.**

### Acceptance of Responsibility

Mr. Elcock has accepted full responsibility for his actions in this matter.

### Letters of Recommendation In Support of Mr. Elcock

In an effort to demonstrate the true character of Mr. Elcock beyond the charges to which he pleaded, attached as Exhibits, are letters attesting to his good nature, care for others, family devotion, and his sincere kindness. He is described as a loving son and friend who endeavors to ensure that those around him are supported.

2

LAW   OFFICES   OF
# Murray Richman

As Your Honor will read, the common theme of these letters is that Mr. Elcock cares more about others than he does about himself. In a world where it is the norm for persons to put themselves before others, Mr. Elcock stands apart. Your Honor will note the times that friends and family speak of accounts where they were suffering from personal hardships and it was Mr. Elcock who went out of his way to assist them. Even now, with endless feelings of stress, remorse, and fear mounting against Mr. Elcock due to his current situation, he has not stopped caring for and helping others.

The first letter comes from Gena Clarke, Mr. Elcock's mother. Mrs. Clarke describes her son as a person with the discipline and education to excel in life. She adds that "Esmond has always been an industrious person with a passion for music and the ambition to be successful in music." Mrs. Clarke also shares about the difficult time in her son's life, during the painful years of abuse that she and Mr. Elcock suffered at the hands of her ex-husband. Mrs. Clarke further shares about the difficult choice to leave her son behind after being transferred to Florida by her job and states "Unfortunately, [Esmond's] decision to stay with his father also resulted in him being subject to verbal and sometimes physical abuse." (Ex. A)

Tanisha Gardner is one of Mr. Elcock' s friends. She describes Mr. Elcock as a loyal and honest friend and a strong and determined man. She adds that "he is supportive, kind, dependable, understanding, and caring." Ms. Gardner has known Mr. Elcock since 1993 and she witnessed the effect of his parent's divorce on Mr. Elcock, as well as watched him go through the turbulent years with his father. She also has watched Mr. Elcock blossom as a song writer and has used him to speak to teens at her job at a local preventative agency about music and the music industry. (Ex. B)

Mr. Elcock's tenacity and generosity is expanded upon by Mr. Ananda Rampat, Mr. Elcock' uncle by marriage. He asserts that Mr. Elcock "is a very hard working, upstanding and conscientious young adult that has taken everything that life has thrown at him and made a better life for himself." (Ex. C)

The Court is also in receipt of a letter from Patricia Branch, another personal friend to Mr. Elcock. Ms. Branch shares her opinion of Mr. Elcock as a bright and resilient young man who has a genuine sense of compassion and generosity towards his friends and family. She shares a personal story regarding Mr. Elcock's assistance with a business project that she had to complete while she was in college in Atlanta. Ms. Branch needed information from businesses in New York and was having a very difficult time reaching the companies, especially in light of the distance. Ms. Branch shares that Mr. Elcock took it upon himself to obtain the information that she needed by going door to door to the various businesses, then helping her with the project, as well as critiquing her presentation pitch. Ms. Branch uses this story to demonstrate Mr. Elcock's loyalty to friends, as well as his generosity. (Ex. D)

LAW OFFICES OF
# Murray Richman

It is not our intention to minimize the crimes for which Mr. Elcock has accepted responsibility and pleaded guilty to. However, the letters in support of this individual paint a picture that can not be overlooked. The charges notwithstanding, Mr. Elcock has had a great impact on the people whose lives he has touched.

### *The Court should impose the minimum sentence*

The Supreme Court has held that the sentencing guidelines are advisory. Thus, before imposing sentence the Court must "consult" the applicable Sentencing Guidelines range and take them into account (*United States v. Cooper*, 437 F.3d 324, 325 (3rd Cir. 2006)), as well as the other factors that are listed in Title 18 U.S.C. § 3553(a). *Id.*; *see also, United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir. 2005) (citing *United States v. Crosby*, 397 F.3d 103, 111-12 (2nd Cir. 2005)).

We respectfully request that the Court consider the factors set forth in Title 18 U.S.C. § 3553(a) as relevant in the case at bar. These include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

When imposing sentence under the factors set forth in § 3553(a), Courts are instructed to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

We recognize that the Court must impose sentence. However, given all of the factors that the Court will consider, including Mr. Elcock's role and status to his family , his non-existent criminal history, his strong community ties, and his work history, we

4

LAW  OFFICES  OF
# Murray Richman

respectfully ask this Court to impose a sentence upon Mr. Elcock that is reflective of an effort to rehabilitate individuals who are not criminals, but have temporarily departed from their general comportment, and in whom there is a realistic expectation that they will be full contributive members of society.

For the reasons set forth herein, coupled with further arguments that we will present on the day of sentencing, we implore the Court to take a lenient stance when imposing sentence on Mr. Elcock.

Respectfully submitted,

Murray Richman, Esq.
*Attorney for Defendant*

MR/gk

Ms. Jenna Dabbs
Assistant U.S. Attorney
Southern District of New York
The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, NY 10007